OPINION
Stephen Haley appeals from the judgment of the Greene County Common Pleas Court wherein the court overruled his motion to correct a sentencing entry because of an alleged clerical error.
On June 8, 1990, Haley entered a no contest plea, which included 23 counts of selling unregistered securities, 6 counts of passing bad checks, 1 count of false representation in sale of securities, and 1 count of engaging in a pattern of corrupt activity. Haley was sentenced to a maximum term of 83 years and fined $93,500. In 1993 this court reversed the sentence and on August 1, 1994 Haley was resentenced to a 79 year term and a $62,500 fine. Haley appealed again and we again reversed the trial court's judgment and remanded the matter for resentencing.
On October 6, 1995, Haley was resentenced by Judge Lee Bixler to a term of 12 to 40 years and a fine of $62,500. On August 16, 1996 this court affirmed the trial court's judgment and sentence.
On July 16, 2001, Haley moved for a "nunc pro tunc" order to have the trial court amend the October 6, 1995 judgment to reflect that Judge Bixler did not impose a fine. The State of Ohio moved to dismiss the motion on res judicata grounds. The trial court found that Haley's motion failed to state a claim, that he could not collaterally attack his sentence, and that his claim was barred by the defense of res judicata., Appellant's assignments of error are as follows:
 THE TRIAL COURT ERRED IN APPLYING THE STANDARD OF APPLICATION OF A "MOTION TO DISMISS" MADE PURSUANT TO OHIO CIV.R. 12(b)(6) TO THE DISPOSITION OF A "MOTION REQUESTING A NUNC PRO TUNC ORDER"; AS WELL AS HOLDING THAT DEFENDANT WAS COLLATERALLY ATTACKING HIS SENTENCE CAUSING THE MATTER TO BE RES JUDICATA.
 THE CLERK OF COURTS IS/WAS WITHOUT JURISDICTION TO JOURNALIZE ENTRY OF SENTENCING WHICH INCREASES THE SENTENCE PRONOUNCED AGAINST DEFENDANT IN OPEN COURT CAUSING SUCH A JUDGMENT ENTRY OF SENTENCING TO BE NULL AND VOID AS TO THE INCREASE IN SENTENCE, PERMITTING THE TRIAL COURT TO ISSUE, PURSUANT TO OHIO CRIM. R. 36, AT ANY TIME, A NUNC PRO TUNC ORDER CORRECTING THE SENTENCING ENTRY TO REFLECT THE SENTENCE RENDERED BY THE TRIAL JUDGE IN OPEN COURT AGAINST THE DEFENDANT.
Haley contends he did not realize that Judge Bixler had imposed the $62,500 fine until he was informed of that fact by the Ohio Adult Parole Authority. Haley makes this claim despite the fact that Judge Bixler clearly imposes the fine in the sentencing entry and we clearly affirmed that sentence on August 16, 1996. See, State v. Stephen T. Haley (Aug. 16, 1999), Greene App. 95-CA-97, unreported.
Haley contends that the sentencing entry contains a clerical error because the transcript of the sentencing reflects that Judge Bixler did not impose the fine upon him in his presence and in open court.
We agree that the transcript and the sentencing entry are in conflict. What is not clear is whether Judge Bixler forgot to impose the fine in open court and decided to impose it in the sentencing entry, thought he had imposed it in open court, or did not intend to impose a fine but mistakenly included the fine in the sentencing entry. Unfortunately, Judge Bixler is now deceased.
We agree that any claim that Judge Bixler erred in imposing the fine upon Haley in his absence and not in open court is barred by the doctrine of res judicata. That error was apparent from the appellate record but was not raised on appeal. See, State v. Perry (1967), 10 Ohio St.2d 175.
Crim. R. 36 provides that "clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omissions, may be corrected at any time." Haley had the burden to demonstrate that the trial court committed a "clerical error" in imposing the fine. The sentencing transcript alone does not establish that a clerical error occurred. Haley should be given an opportunity to demonstrate the alleged clerical error with any evidence he has on that issue.
The judgment of the trial court is Reversed in part and Affirmed in part. This matter is Remanded to the trial court to permit Stephen Haley to offer proof that Judge Bixler committed a clerical error in the sentencing judgment in imposing the $62,500 fine upon him.
WOLFF, P.J., and FAIN, J., concur.